HAROLD J. MARTZ AND POLLY I. MARTZ, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16906–80.     Filed October 1, 1981.

*R. Scott Shearer* and *James A. Ulsh,* for the petitioners.
*John W. Schmehl,* for the respondent.

### OPINION

NIMS, *Judge*: On July 14, 1980, respondent mailed to petitioners a statutory notice of deficiency. On the first page of this notice, under a heading labeled "Tax Year Ended and Deficiency" were the following figures:

---

| | |
|---|---|
| 12/31/75 | ............................................$31 |
| 12/31/76 | ............................................179 |
| 12/31/77 | ............................................214 |

The second page of respondent's letter was entitled "Notice of Deficiency-Waiver" (Form 4089). Reproduced on this page under the headings "Taxable Year Ended," "Deficiency," and "Increase in Tax," were the same three dates and figures (noted above) that appeared on the first page.

The remainder of respondent's letter consisted of two pages titled "Statement-Income Tax Changes" (Form 5278) and five more pages titled "Explanation of Items" (Form 886-A). These last seven pages showed various adjustments to petitioners' taxable income not only for the taxable years 1975, 1976, and 1977, but also for the taxable years 1973 and 1974. The upward adjustments of taxable income for the years 1973 and 1974, however, were completely offset by respondent's carryback of petitioners' unused investment credit from the years 1976 and 1977. Consequently, these explanatory forms indicated no net increase or decrease in taxes due for the years 1973 and 1974.

On September 5, 1980, petitioners petitioned this Court "for a redetermination of the deficiency and/or liability for 1973, 1974, 1975, 1976, and 1977, set forth by the Commissioner of Internal Revenue in his Notice of Deficiency."

On October 24, 1980, respondent moved to dismiss the petition as it related to the taxable years 1973 and 1974 for lack of jurisdiction. Respondent further moved to strike paragraphs 3(a), 3(b), 4(b) through 4(i), 5(a), and 5(c) through 5(g) of the petition insofar as they referred to the taxable years 1973 and 1974.

In support of his motion, respondent argues that he has asserted no deficiency against petitioners for the taxable years 1973 and 1974, and that without such assertion of deficiency, this Court lacks jurisdiction to entertain a petition as to those years.

Petitioners, on the other hand, argue that by adjusting upward petitioners' 1973 and 1974 taxable income in the

notice of deficiency, respondent has in fact asserted a deficiency, within the meaning of section 6211,[1] thus granting the Court jurisdiction. Section 6211 provides, in relevant part, as follows:

SEC. 6211. DEFINITION OF A DEFICIENCY.

   (a) IN GENERAL.—For purposes of this title in the case of income * * * taxes imposed by subtitles A * * * the term "deficiency" means the amount by which the tax imposed by subtitle A * * * exceeds the excess of—
      (1) the sum of
         (A) the amount shown as the tax by the taxpayer upon his return * * * plus .
         (B) the amounts previously assessed * * * as a deficiency, over—
      (2) the amount of rebates, as defined in subsection (b)(2), made.
   (b) RULES FOR APPLICATION OF SUBSECTION (a).—For purposes of this section—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

   (2) The term "rebate" means so much of an abatement, credit, refund, or other payment, as was made on the ground that the tax imposed by subtitle A * * * was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made.

Petitioners contend that in making the deficiency calculation of section 6211, the phrase "the tax imposed by subtitle A" in that section should be interpreted as referring only to the tax imposed by section 1 of the Internal Revenue Code on taxable income, and that available credits are not to be taken into account in that calculation. If petitioners' interpretation were accepted, it is clear that in this case the respondent's upward adjustments in petitioners' taxable income for the years 1973 and 1974 (and thus not counting the offsetting carryback credit) would produce a "deficiency" in those years.

Petitioners have cited us no cases to support their interpretation. Rather, petitioners make both textual and policy arguments to buttress their position. The textual argument will be addressed first.

Petitioners note that the investment credit is described in section 38 as "a credit against the tax imposed by this chapter" (chapter 1). This phrasing is similar to that found in the various other credits provided in sections 31 through 44E.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended. Similarly, unless otherwise indicated, any reference to a Rule is to the Tax Court Rules of Practice and Procedure.

Each of these credits, except for the general tax credit provided in section 42, is described as either allowable "against the tax imposed by this chapter" (chapter 1) or "against the tax imposed by this subtitle" (subtitle A). Petitioners argue, and we agree, that each of these credits contemplates the calculation of the tax imposed by chapter 1 or subtitle A independently of the determination or utilization of the particular credit. Consequently, the petitioners argue, these credits cannot be a part of the calculation of "the tax imposed by this chapter" or "the tax imposed by this subtitle," and therefore any references to the tax imposed by chapter 1 or subtitle A must be interpreted to refer only to the tax imposed by section 1 of the Code on the taxpayer's taxable income. Section 6211, which defines the term "deficiency," also employs the phrase "the tax imposed by subtitle A." The petitioners contend that this phrase should be construed in the same manner in section 6211 as it is in the various credit sections (sections 31 through 44E). Thus, they conclude, when section 6211 speaks of "the tax imposed by subtitle A," it really means only the tax imposed by section 1; credits, such as the investment credit, do not figure in the section 6211 computation of the existence of a deficiency.

We find petitioners' argument unpersuasive. While a parallel construction of virtually identical phrases in sections 31 through 44E and section 6211 might seem called for on a superficial comparison of these sections, a close examination of the structure of section 6211 indicates that a parallel construction was not what Congress intended. Subsection (b) of section 6211 provides, in part, that for purposes of calculating the amount of a deficiency, certain credits are *not* to be calculated in determining the "tax imposed by subtitle A." These credits include the credit under section 31[2] (sec. 6211(b)(1)) and the credit under section 39[3] (sec. 6211(b)(4)). If "the tax imposed by subtitle A" in section 6211(a) really means only "the tax imposed by section 1," as petitioners contend, these provisions are entirely superfluous, as the credits under sections 31 and

---

[2]Sec. 31 provides a credit for taxes withheld on wages.
[3]Sec. 39 provides a credit for certain uses of gasoline, special fuels, and lubricating oil.

39 would never have been a part of the section 6211(a) calculation in the first place.

The only reason we can discern for Congress' insertion of the above-mentioned language in section 6211(b) is that it believed that, without such language, the section 31 and section 39 credits would have been taken into account under the current phrasing of section 6211(a) when calculating the existence of a deficiency. Put another way, we believe that in drafting section 6211(a), Congress intended to state a general proposition that all taxes, credits, deductions, exclusions, etc., imposed or allowed in sections 1 through 1564, inclusive (subtitle A), are to be taken into consideration in calculating the existence of a deficiency. Section 6211(b) provides exceptions to this general proposition. In section 6211(b), Congress saw fit to exempt the section 31 and section 39 credits from the deficiency computation. Section 38, the investment credit at issue in this case, is not referred to in section 6211(b). There is a venerable rule of statutory construction which states: expressio unius est exclusio alterius (the expression of one thing implies the exclusion of another thing). Applying this rule, here, we view Congress' mention of sections 31 and 39, and its failure to mention section 38 in section 6211(b), as an indication that Congress had no intention of exempting the investment tax credit from the section 6211(a) deficiency calculation. Nor does petitioners' argument form the basis for a belief that the omission of section 38 from section 6211(b) was a mere oversight. Therefore, we conclude that in determining the existence of a "deficiency" within the meaning of section 6211, respondent's adjustments to the investment tax credit must be considered in conjunction with any adjustments in petitioners' taxable income. If, as here, those adjustments are completely offsetting, no "deficiency" within the meaning of section 6211 has been asserted.

Petitioners next argue that if we decline to take jurisdiction as to the taxable years 1973 and 1974, there may be harsh consequences to the petitioners in the future. Petitioners' dilemma results from the fact that the Tax Court, in deciding the amount of investment credit available to petitioners in the years over which the Court has jurisdiction, must consider facts with relation to taxes for other years not before the Court that bear upon the correct amount of the deficiencies actually

asserted. Sec. 6214(b); *Mennuto v. Commissioner*, 56 T.C. 910, 923 (1971) (investment credit carryover). See also *Phoenix Coal Co. v. Commissioner*, 231 F.2d 420 (2d Cir. 1956), affg. a Memorandum Opinion of this Court (net operating loss carryback); *ABKCO Industries, Inc. v. Commissioner*, 56 T.C. 1083, 1088–1089 (1971), affd. on another issue 482 F.2d 150 (3d Cir. 1973) (same). The respondent here has increased petitioners' taxable income for the years 1973 and 1974, but then has offset all such increases in taxes due for those years by carrying back available investment credit from the taxable years 1976 and 1977. There is clearly a dispute between petitioners and respondent as to the propriety of the 1973 and 1974 adjustments to petitioners' taxable income. However, under our interpretation of section 6211, the dispute may not ripen into a "deficiency" for a number of years. The effect of respondent's action has been to "absorb" some of the petitioners' available investment credit. It is only in some future (post–1977) taxable year when the petitioners claim this credit (which, they will contend, has not been absorbed) that the Commissioner will disallow such credit, producing a deficiency for that future year. It will only be at that time that the issues relating to the 1973 and 1974 taxable years are actually litigated. As the burden of proof is on the taxpayer to disprove the presumptively correct assertions of respondent's deficiency notice, it is the taxpayer on whom this passage of time will fall hardest: memories may fade, documents may be lost—all to the prejudice of petitioners' case.

While we sympathize with the petitioners' plight, there is little this Court can do with respect to the taxable years 1973 and 1974. The statutory structure of section 6211 seems too carefully drawn to admit of any additional judicial exceptions to those already enumerated by Congress. Our jurisdiction is purely statutory; the assertion of a deficiency by the Commissioner is a necessary predicate to the exercise of our power. *Hannan v. Commissioner*, 52 T.C. 787, 791 (1969). When the Commissioner makes adjustments to a taxpayer's income which are completely offset by other adjustments such that the section 6211 deficiency calculation indicates no additional tax due for that year, this Court simply lacks jurisdiction. *Paccon, Inc. v. Commissioner*, 45 T.C. 392 (1966); *Myers v. Commissioner*, 28 T.C. 12 (1957). That was the case here as to

the taxable years 1973 and 1974. Accordingly, respondent's motion must be granted.

*An appropriate order will be entered.*