MURRAY SOHN AND RAE SOHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sohn v. Commissioner
Docket No. 19682-84.
United States Tax Court
T.C. Memo 1984-588; 1984 Tax Ct. Memo LEXIS 84; 49 T.C.M. (CCH) 30; T.C.M. (RIA) 84588; November 7, 1984. *84 R determined deficiencies in Ps' Federal income taxes for 1977 and 1979 and an overassessment in 1978 based on a 1981 NOL carryback to 1978. Held, because the determination of a deficiency is a necessary predicate to this Court's jurisdiction, Martz v. Commissioner,77 T.C. 749, 754 (1981), this Court has no jurisdiction over Ps' 1978 tax year, notwithstanding R's failure to act on an Application for Tentative Refund within 90 days. Walter J. Rockler and William W. Koopman,[1] for the petitioners. *86 Keith A. Aqui, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: This case came before the Court for hearing, consideration and ruling on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Year 1978, filed on August 2, 1984. [2]
Respondent, in his notice of deficiency issued to petitioners on March 22, 1984, determined deficiencies in petitioners' Federal income taxes for the calendar years 1977 and 1979 in the amounts of $4,260.00 and $6,567.00, respectively. These deficiencies resulted primarily from the disallowance of certain partnership lossess deducted by petitioners. Respondent also carried back to 1978 a portion of a net operating loss (NOL) deduction for 1981. As a result of the NOL carryback, respondent determined an overassessment in 1978 in the amount of $1,000.00. In their petition, petitioners dispute respondent's adjustments for 1978 based on the amount of the NOL carryback and ask for a refund attributable to the full NOL carryback. Petitioners had submitted an Application *87 for Tentative Refund (Form 1045) on this 1981 NOL on April 14, 1982. Respondent moved to dismiss this case as it relates to 1978 and to strike paragraphs 4(B) and (B)(1) and portions of paragraphs 3 and 4(A) of the petition that relate to the 1978 tax year. He asserts that no notice of deficiency was sent to petitioners for 1978, so the Court lacks jurisdiction over petitioners for this year. Petitioners, in a Motion in Opposition of Dismissal for Lack of Jurisdiction as to the Taxable Year 1978, which the Court filed as an objection on August 23, 1984, and at oral argument, claim that because respondent did not make a determination on the amount of the NOL carryback allowance within 90 days of the filing of the application, he should not be able to make such a determination in a notice of deficiency dated almost 2 years after the application was made.[3] If the NOL adjustment is ignored, petitioners assert, then a deficiency would be determined against them for 1978. *88 It is settled beyond the slightest doubt that the Commissioner must determine a deficiency against the taxpayer for any year in order for the Tax Court to have jurisdiction over the taxpayer for that year. See sections 6211, 6213(a) and 6214(a), (b); [4]Martz v. Commissioner,77 T.C. 749, 754 (1981); Hannan v. Commissioner,52 T.C. 787, 791 (1969); Paccon, Inc. v. Commissioner,45 T.C. 392 (1966); Myers v. Commissioner,28 T.C. 12, 13 (1957). In the case at bar, respondent determined deficiencies for years 1977 and 1979. He determined an overassessment for 1978 in connection with the overall review of petitioners' returns for these 3 years. Thus, without more, petitioners' position that this Court has jurisdiction over the calendar year 1978 is without merit. [5]
*89 Petitioners cite Zarnow v. Commissioner,48 T.C. 213 (1967), to support their position. That case, however, calls for a result contrary to that which petitioners ask. There, the Court found that respondent's failure to act on a taxpayer's application for tentative refund did not prevent him from later determining a deficiency for the year of the net operating loss carryback. The Court reasoned that, because the action to be taken within the 90-day period of section 6411 is tentative rather than final, the failure to act should not be conclusive. Thus, respondent was permitted to determine a deficiency for the year in question based upon his disallowance of the NOL carryback. Similarly, in Martz v. Commissioner,supra, a case strikingly similar to the present one, the Court decided it had no jurisdiction over tax years in which respondent had made adjustments to petitioners' taxable income which were completely offset by carrying an unused investment tax credit from other years.The taxpayers' argument, which the Court found unpersuasive, was built on the fact that respondent had determined the deficiencies by adjusting their taxable *90 income upward, and the investment tax credit carryback should not have been counted for purpose of deciding whether a deficiency was determined. We find petitioners' position here equally unimpressive. Respondent's failure to act on petitioners' application for tentative carryback adjustment within 90 days is irrelevant to the issue of whether respondent finally determined a deficiency for 1978. The Commissioner adjusted petitioners' taxable income upward to take into account the partnership lossess he disallowed. This increased income was completely offset (in fact the Commissioner determined an overassessment) by allowing a portion of a 1981 NOL to be carried back to 1978. The Court in Martz v. Commissioner,supra at 754, came to the same conclusion that we reach here: * * * Our jurisdiction is purely statutory; the assertion of a deficiency by the Commissioner is a necessary predicate to the exercise of our power. * * * When the Commissioner makes adjustments to a taxpayer's income which are completely offset by other adjustments such that the section 6211 deficiency calculation indicates no additional tax due for that year, this Court simply lacks *91 jurisdiction. * * * [Citations omitted.] We therefore grant respondent's motion to strike and limit our jurisdiction to the years 1977 and 1979. [6]
An appropriate order will be issued.
Footnotes
1. The Court's records reflect that Mr. Koopman did not file an entry of appearance in this case, but we permitted him to appear specially at the Motions Session on October 17, 1984, to argue for petitioners.↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
3. Sec. 6411(b), I.R.C. of 1954, as amended, allows the Commissioner 90 days in which to act on the application for tentative carryback adjustment (provided for in sec. 6411(a)) and reads in relevant part: (b) Allowance of Adjustments.--Within a period of 90 days from the date on which an application for a tentative carryback adjustment is filed under subsection (a) * * * the Secretary shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein, and shall determine the amount of the decease in the tax attributable to such carryback upon the basis of the application and the examination, except that the Secretary may disallow, without further action, any application which he finds contains errors of computation which he deems cannot be corrected by him within such 90-day period or material omissions. Such decease shall be applied against any unpaid amount of the tax decreased * * * and any remainder shall be credited against any unsatisfied amount of any tax for the taxable year immediately preceding the taxable year of the net operating loss * * *. Any remainder shall, within 90-day period, be either credited against any tax or installment thereof then due from the taxpayer, or refunded to the taxpayer.↩
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. Sec. 1.6411-3(c), Income Tax Regs.↩, states that the action of any of Commissioner's representatives in disallowing in whole or in part any application for a tentative carryback adjustment may be disputed by the taxpayer filing a claim for refund under sec. 6402 and may maintain a suit for refund if the claim is disallowed or not acted upon within 6 months. Under sec. 6511(d)(2), a taxpayer has 3 years (assuming no agreement extending the assessment period), after the time for filing the return for the taxable year in which the NOL occurred to file the refund claim.
6. Of course, nothing in this opinion limits the Court from considering facts with relation to the taxes for other years as necessary to redetermine the amount of deficiency in 1977 and 1979, as provided in sec. 6214(b).↩