TERENCE H. MURPHREE AND MARY V. MURPHREE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1000-85.     Filed December 8, 1986.

*James V. Looby*, for the petitioners.
*Joseph T. Chalhoub*, for the respondent.

## OPINION

STERRETT, *Chief Judge*: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2754) and Rule 180 et seq.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the refundable business energy investment tax credit issue filed May 17, 1985. The issue is whether this Court has jurisdiction over respondent's disallowance of a credit under section 48(a)(10),[2] relating to boilers fueled by oil or gas for investment in so-called energy property.

On their 1979 Federal income tax return, petitioners claimed a credit in the amount of $10,000. This credit arises from the alleged investment in qualifying property by Tinstaafl Corp., an electing subchapter S corporation of which petitioners were shareholders. Under section 48(e) the credit flows through to the shareholder on an apportioned basis. By a notice of deficiency dated October 19, 1984, respondent determined a deficiency in the amount of $10,927.75. The underlying adjustments in that notice are not related to the $10,000 credit that is in dispute here, and the disallowed credit does not appear in the computation of the deficiency. The notice of deficiency, however, contained a statement that "Prepayment to credits in the amount of $10,000 have been assessed for the 1979 tax year." It is agreed that this statement refers to the credit in dispute.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.

[2] Sec. 48(a)(10) as involved in this case was added to the Code by the Energy Tax Act of 1978, Pub. L. 95-618, and was repealed by the Tax Reform Act of 1986, Pub. L. 99-514.

On January 14, 1985, petitioners filed a petition with this Court. In the petition, petitioners allege, inter alia, that respondent erred by disallowing the $10,000 "refundable business energy investment tax credit." Respondent subsequently filed the motion to dismiss and to strike those portions of the petition that related to respondent's disallowance of the refundable energy credit.

The jurisdiction of the Tax Court is generally limited to redetermining the correct amount of a deficiency. Sec. 6214(a). A deficiency is "the amount by which the tax imposed by subtitle A" exceeds the "amount shown as the tax" on the return plus any "amounts previously assessed * * * as a deficiency" less any "rebates." Sec. 6211(a).[3] Rebates include any "abatement, credit, refund, or other repayment as was made on the ground that the tax imposed by subtitle A * * * was less than" the tax shown on the return. Sec. 6211(b)(2). If an adjustment to a taxpayer's tax liability is based on a "mathematical or clerical error," the notice of such an adjustment "shall not be considered as a notice of deficiency," and the taxpayer generally has no right to review by this Court. Sec. 6213(b)(1). Furthermore, section 6211(b) specifically excludes certain tax credits from the determination of the tax imposed by subtitle A. For example, credits under section 31 for taxes withheld are not included in the computation of a deficiency. See sec. 6211(b)(1). The applicable regulations also provide "Payments on account of estimated income tax, like other payments of tax by the taxpayer, shall likewise be disregarded in the determination of a deficiency." Sec. 301.6211-1(b), Proced. & Admin. Regs. Neither section 6211(b) nor the regulations thereunder, however, specifically address the credit involved here.

---

[3]SEC. 6211(a). IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45, the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 exceeds the excess of—

    (1) the sum of

        (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

        (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

    (2) the amount of rebates, as defined in subsection (b)(2), made.

Respondent concedes that, if the credit were a nonrefundable credit under section 38, the disallowed credit would be at issue in the statutory notice. See *Martz v. Commissioner*, 77 T.C. 749 (1981). To understand the position taken by respondent, it is necessary to describe the nature of the section 38 credit in dispute. The utilization of most section 38 credits is limited to the tax liability for the taxable year. See secs. 46(a)(3) and 46(a)(4); S. Rept. 95-529, 1978-3 C.B. (Vol. 2) 199, 263. A credit for qualified "solar or wind energy property," however, to the extent that it exceeds the tax liability for the year, is refundable. See sec. 46(a)(10); S. Rept. 95-529, 1978-3 C.B. (Vol. 2) 199, 263-264. In discussing refundable credits, we have noted (*Huntsberry v. Commissioner*, 83 T.C. 742, 746 n. 4 (1984)):

the word "refundable" in this context generally refers to *credits which are really not "credits" in the ordinary sense, but reflect payments already made (or amounts available for payments) that are allocable to the tax, such as the familiar quarterly payments of estimated tax, withholding, and the like. Such "credits" are separately shown on the Form 1040 for 1979 as "Payments" that are applicable to discharge pro tanto the tax liability as finally computed on the return after taking the ordinary allowable credits into account.* They are called refundable "because the amounts involved would be available as refunds to the taxpayer in any event." H. Rept. 95-1445, at 123 (1978), 1978-3 C.B. (Vol. 1) 181, 297. See sec. 6401(b), I.R.C. 1954. The term "nonrefundable" is used to refer to all the familiar credits such as the foreign tax credit, the investment credit, the jobs credit, and other credits of like general character. No refund is available in respect of such credits even if they should exceed the tax. [Emphasis added.]

Respondent argues that, since the refundable credit here is in the nature of a payment on account, it should be disregarded in the determination of the deficiency.

If provisions discussed above were the end of the statutory story, there would be a certain amount of force behind respondent's argument. Section 46(a)(10)(C)(ii), however, provides that, with regard to the refundable energy credit for solar or wind energy property:

for purposes of this title (*other than* * * * chapter 63), such credit shall be treated as if it were allowed by section 39 and not by section 38. [Emphasis added.] [4]

---

[4]Sec. 39 provides a credit for certain uses of gasoline. The section was redesignated as sec. 34 by sec. 471(b), Deficit Reduction Act of 1984, 98 Stat. 825.

Section 6211(a), defining a deficiency, is a part of chapter 63.

Respondent, ignoring the parenthetical phrase "other than * * * chapter 63" in section 46(a)(10)(C)(ii), contends that section 6201(a)(4)[5] yokes credits under section 39 to the exception for mathematical errors and, therefore, the refundable energy credit may be assessed without regard to the notice of deficiency requirement. We, however, cannot ignore the clear language of section 46(a)(10)(C)(ii). See *Huntsberry v. Commissioner*, 83 T.C. at 747-748. The import of that language is that for the purpose of the deficiency procedures, the refundable energy credit for solar or wind energy propeaty shall be treated as arising under section 38 and not section 39.[6]

Respondent argues that, if the parenthetical phrase "other than * * * chapter 63" is given effect, the remainder of section 46(a)(10)(C)(ii) is meaningless because the only reason for treating the credit "as if it were allowed under section 39"is that it could be assessed as a section 39 credit. We disagree. There are provisions, other than those contained in chapter 63, where a section 39 credit is treated differently from section 38 credits. Section 6401(b), which is not in chapter 63, provides that "If the amount allowable as * * * [a credit] under * * * section 39 * * * exceeds the tax imposed by subtitle A (reduced by the credits allowable under * * * [sections 32, 33, 37, 38, 40, 41, 42, 44, 44A, 44B, 44C and 45]), the amount of such excess shall be considered an overpayment." That provision makes credits governed by section 39 refundable. It is certainly within the power of Congress to make respondent's challenge to certain refundable credits subject to the deficiency proce-

---

[5]Under sec. 6201(a)(4), if there is an overstatement of a credit allowable by sec. 39, the amount so overstated may be assessed "in the same manner as in the case of a mathematical or clerical error." As noted, *supra* sec. 6213(b)(1) provides an exception to the notice of deficiency requirement for so-called "mathematical or clerical" errors. Under this exception, if such an error is made, notice of the error is not considered a notice of deficiency, the prohibition against assessment does not arise and the tax may be assessed immediately. See *Beckman v. United States*, 396 F. Supp. 44 (D. Kan. 1975), affd. in an unpublished opinion (10th Cir., Jan. 7, 1977). While Congress added a mechanism for review of respondent's determination of a mathematical or clerical error by the Tax Court by enacting sec. 6213(b)(2), sec. 6201(a)(4) also was amended to provide that "the provisions of section 6213(b)(2) * * * shall not apply with regard to any assessment under this paragraph."

[6]Respondent places emphasis on the fact that the credit is claimed in the "Payments" section of the 1979 Form 1040. Even if this is correct, the form and/or instructions do not have the force of law.

dures while others are not. Indeed, Congress specifically provided in chapter 63 that in certain situations, a disallowed section 39 credit would be an aspect of the computation of a deficiency and subject to review by this Court. See sec. 6211(b)(4).[7]

In sum, we hold that the refundable energy credit at issue here is treated as a credit under section 38 for the purposes of chapter 63. Accordingly, the result in this case is controlled by our opinion in *Martz v. Commissioner, supra,* and respondent's motion must be denied.

*An appropriate order will be issued.*

---

[7]SEC. 6211(b). RULES FOR APPLICATION OF SUBSECTION (a).—For purposes of this section—

\*        \*        \*        \*        \*        \*        \*

(4) The tax imposed by subtitle A and the tax shown on the return shall both be determined without regard to the credit under section 39, unless, without regard to such credit, the tax imposed by subtitle A exceeds the excess of the amount specified in subsection (a)(1) over the amount specified in subsection (a)(2).