T.C. Memo. 1998-319

UNITED STATES TAX COURT

ROBERT K. STEWART, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4901-97.                    Filed September 8, 1998.

Robert K. Stewart, Jr., pro se.

Kay Hill, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court to redetermine
respondent's determination of a $17,287 deficiency in his 1990
Federal income tax and a $4,297 addition thereto under section
6651(a)(1).  Following concessions, the only issue left to decide
is whether we are authorized to determine any overpayment from
1989 that petitioner may credit to his 1990 Federal income tax
liability.  We hold we are not.  Section references are to the

Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in Anchorage, Alaska, when he petitioned the Court.

Petitioner filed his 1989 Federal income tax return on March 5, 1996. Petitioner claimed thereon that he had a $4,312 overpayment which he was applying to 1990. Petitioner filed his 1990 Federal income tax return on June 13, 1996.

Respondent issued petitioner a notice of deficiency for 1990 on December 3, 1996. In the notice of deficiency, respondent did not reference an overpayment for 1989. Respondent asserts that a refund or credit of any 1989 overpayment is time-barred.

OPINION

Petitioner asks the Court to reduce his deficiency for 1990 by an overpayment that he has for 1989. We decline to do so. We are a Court of limited jurisdiction, and we derive our jurisdiction from Congress. Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. In general, the Congress has empowered us to redetermine deficiencies which have been determined by

respondent.  See secs. 6213 and 6214; Murphree v. Commissioner, 87 T.C. 1309, 1311 (1986); see also sec. 6211 (meaning of the word "deficiency").  When respondent has not determined a deficiency for a year, we generally may not redetermine if a deficiency or overpayment is present for that year.  See sec. 6214(b) ("The Tax Court in redetermining a deficiency * * * shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid"); see also Rothensies v. Electric Storage Battery Co., 329 U.S. 296 (1946); Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Hays v. Commissioner, T.C. Memo. 1996-18; Warden v. Commissioner, T.C. Memo. 1990-321, affd. without published opinion sub nom. Beam v. Commissioner, 956 F.2d 1166 (9th Cir. 1992); Stowman v. Commissioner, T.C. Memo. 1983-235; Hutchinson v. Commissioner, T.C. Memo. 1980-551.

In the instant case, respondent has determined a deficiency for 1990, and petitioner's 1990 taxable year is the only year that is before the Court.  Thus, even if petitioner did overpay his 1989 tax, a matter on which we express no opinion, we would lack jurisdiction to apply that overpayment against petitioner's deficiency for 1990.

We have considered all arguments made by petitioner for a contrary holding, and, to the extent not addressed above, find them to be without merit.  To reflect respondent's concessions,

Decision will be entered under Rule 155.