Fred A. Hill v. Commissioner.
Hill v. Commissioner
Docket No. 53165.
United States Tax Court
T.C. Memo 1957-2; 1957 Tax Ct. Memo LEXIS 250; 16 T.C.M. (CCH) 11; T.C.M. (RIA) 57002; January 9, 1957
*250 Petitioner, by stipulation, waived assignment of error in his petition relating to disallowance of feed expense. Petitioner's counsel admitted in his opening statement that respondent had properly disallowed as a deduction for 1947 the cost of certain cattle bought and sold by petitioner in 1946, counsel explaining that the purpose of raising the issue was solely to obtain a determination so that a claim for refund could be filed under section 1311 of the Code (1954). Petitioner offered no evidence upon the issue of the negligence penalty determined by respondent under section 293(a) of the Code of 1939. Held: Respondent's determinations are sustained. Arthur Glover, Esq., for the petitioner. Paul M. Newton, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: All of the facts are stipulated and are incorporated herein by reference. [Findings of Fact] The petitioner is an individual whose present residence is Amarillo, Texas. During the year 1947, he was a resident of Whitewater, Kansas. The petitioner's individual income tax return for the taxable year 1947 was filed with the collector of internal revenue for the district of Kansas. During the years 1946 and 1947, petitioner was engaged in the cattle business. For both of those years, he kept his books and prepared his income tax returns on the accrual method of accounting. In the calendar year 1946, the petitioner purchased cattle from W. P. Dial and Vera Dial Dickey for a stated consideration of $93,371.58. In payment of said consideration, the petitioner delivered to the sellers his promissory note in the amount of $93,371.58. All of the cattle so purchased from W. P. Dial and Vera Dial Dickey were sold by petitioner in the calendar year 1946. In the *252 calendar year 1947, the petitioner paid in full the note for $93,371.58. Of said payments, $63,371.58 was claimed as purchases of cattle on the individual income tax return of the petitioner for the year 1947. [Opinion] Petitioner, by stipulation, waived the assignment of error in paragraph 4(b) of his petition relating to disallowance of feed expense. In his opening statement, in relation to the disallowance, for 1947, of cost of certain cattle, bought and sold by petitioner in 1946, petitioner's counsel said: "* * * we have entered into a stipulation of facts in this case which in effect concedes that the Government's position is correct. It involves a deduction for cattle purchases in the year 1947. It appears that in the year 1946, the Petitioners purchased cattle on a note which was never entered on their books and records. Those cattle were actually sold in the year 1946. They were claimed as a deduction against purchases in the year 1947. "The only reason that we are putting the case before the Court is to obtain a determination so that we may file a claim for refund under 1311 of the Code. There is a reasonable possibility that during the briefing time we will *253 be able to produce books and records to substantiate the position that we have taken under 1311 of the '54 Code, and if we do so, it is the intention of the parties hereto to go ahead and stipulate the case in its entirety, and thereby will not be considered by the Court. We have no real issue of fact at all, but we are forced to ask the Court for a determination in the meantime so we can preserve our rights under Section 1311." We see no need to discuss the issue further than to say that petitioner being on the accrual basis, his counsel's statement appears to have been advisedly made whether petitioner be deemed to have been in a farming or a merchandising activity. See Regulations 111, sections 29.22(a)-5; 29.22(a)-7, and 29.22(c)-1. We have no doubt that the deduction was not allowable in 1947. We therefore sustain respondent on this issue. As to the addition to tax for negligence under section 293(a), petitioner, who had the burden of proof, presented neither evidence nor argument to controvert respondent's determination. It is apparent from the statutory notice of deficiency that there were substantial adjustments made by respondent with respect to which no error was assigned *254 in the petition. Certainly there is nothing in the record which would warrant our rejection of respondent's determination in this respect. Decision will be entered under Rule 50.