MARSHALL INVESTMENT CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Marshall Inv. Co. v. Commissioner
Docket No. 3191-71.
United States Tax Court
T.C. Memo 1973-87; 1973 Tax Ct. Memo LEXIS 200; 32 T.C.M. (CCH) 382; T.C.M. (RIA) 73087; April 16, 1973, Filed James M. Parker, for the petitioner. Charles H. Powers, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes (personal holding company taxes) in the amounts of $414.60 and $2,607.59 for the calendar years 1967 and 1968, respectively. The issue raised by the pleadings in this case is whether petitioner is subject to the personal holding company tax imposed by section 541, I.R.C. 1954, [1] for the years 1967 and 1968.
All of the facts in this case have been stipulated, and included among the stipulated facts is the fact that petitioner does not dispute its liability for personal holding company taxes in the amounts set forth in the notice of deficiency, except for reserving its right to contend that it is entitled to pay additional deficiency dividends under the provisions of section 547, thereby reducing its personal holding company tax from the amount as determined by respondent. As we *203 understand petitioner's argument, it is prosecuting this case primarily for the purpose of obtaining a determination of its personal holding company tax liability under the provisions of section 547(c) (1). [2]
It is not clear whether petitioner is further seeking to have us hold in this case that after our decision in this case becomes final it will be entitled to pay deficiency dividends and deduct the amount thereof from its personal holding company tax income under the provisions of section 547. The stipulated facts are found accordingly. Marshall Investment Co., Inc. (petitioner) was a New Mexico corporation with its principal place of business prior to its disolution on May 27, 1970, in the State of New Mexico. Petitioner filed its Federal income tax return for the calendar year 1967 3 with the district director of internal revenue, Albuquerque, New Mexico and *204 filed its Federal income tax return for the calendar year 1968 with the Southwest Service Center of the Internal Revenue Service in Austin, Texas. After an audit of petitioner's returns for 1967 and 1968, respondent made a preliminary determination that petitioner had personal holding company income of $7,469.78 and $10,263.98 for its taxable years 1967 and 1968, respectively, and was therefore liable in those years for personal holding company tax of $5,228.85 and $7,903.27. After petitioner received notice from respondent of this preliminary determination on January 20, 1970, it filed a form 2198 "Determination of Liability for Personal Holding Company Tax Section 547(c) (3) of the Internal Revenue Code of 1954," agreeing to the liability as preliminarily determined by respondent, in order to have a determination under section 547(c) (3) so that it could declare and pay deficiency dividends to reduce its personal holding company tax liability. This form 2198 which was filed with respondent on February 11, 1970, was executed on behalf of respondent on February 16, 1970. On May 9, 1970, by resolution of its board of directors, petitioner declared a deficiency *205 dividend of $98.25 per share on the 70 outstanding shares of its common stock for each of its taxable years 1967 and 1968. On May 14, 1970, a check in the amount of $6,877.50 was issued by petitioner to each of its two shareholders in payment of the deficiency dividends it had declared for 1967 and 1968. 4 On May 18, 1970, petitioner filed with respondent a form 976, "Claim for Deficiency Dividends Deduction, or Credit or Refund (Under Section 547 of the Internal Revenue Code)" for each of the years 1967 and 1968. On October 14, 1970, respondent mailed to petitioner a preliminary determination of deficiency in personal holding company taxes for the taxable years 1967 and 1968 in the amounts of $414.60 and $2,607.59, respectively, based on deducting from the personal holding company income previously determined by him for each of the years 1967 and 1968 the deficiency dividend for each of those years in the amount of $6,877.50 which had been paid by petitioner. On February 12, 1971, respondent mailed a notice of deficiency to petitioner determining the deficiencies in its personal holding company taxes for the taxable years 1967 and 1968, which had *206 been preliminarily determined in the notice mailed to petitioner on October 14, 1970. As of the date of the mailing of the notice of deficiency the period of limitations on assessment of deficiencies against petitioner was open for both of the years here in issue. As of the time of trial, petitioner had not declared or paid any deficiency dividends, except those in the amount of $6,877.50 paid for each of the taxable years 1967 and 1968. Section 541 imposes a tax of 70 percent on the undistributed personal holding company income of a personal holding company. 5 Section 547(a)[3] provides that if a determination, as defined in section 547(c), establishes the liability of a taxpayer for personal holding 6 tax imposed by section 541 for any taxable year, a deduction shall be allowed to the taxpayer for the amount of deficiency dividends as defined in section 547(d), for the purpose of determining the personal holding company tax for such year. Section 547(d) defines deficiency dividends as the amount of the dividends paid by the corporation on or after the date of the determination and before the filing of a claim under subsection (e) which if paid in the year for which *207 the personal holding company tax is determined would have been includable in the computation of the deduction for dividends paid under section 561, provided the distribution of the dividends is made within 90 days after the determination. Section 547(c) defines the term "determination." *208 Petitioner in the stipulation now concedes that respondent correctly deducted the deficiency dividends it paid in May 1970 from its personal holding company net income rather than using those dividends as a credit against its personal holding company tax and because of this concession agrees that the deficiencies in its personal holding company tax for the years here in issue as determined by respondent are correct unless it is entitled to further reduce the deficiency by the payment of further deficiency dividends. 7 From the stipulated facts in this record we conclude that petitioner was a personal holding company during the taxable years 1967 and 1968 and that it is liable for personal holding company tax in the amounts of $414.60 and $2,607.59 for the taxable years 1967 and 1968, respectively. However, when our decision is entered in accordance with the above set forth holding, that decision will not be a "determination" under section 547(c) until it become final. Section 547(c) (1) specifically provides that the term "determination" means "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final. *209 " Since our decision will not become final until after the time for an appeal has expired or, if an appeal is taken, action by the higher courts has been concluded (section 7481), our holding in this opinion does not at this time constitute a determination under section 547(c) (1). Since we have concluded that our decision in this case cannot be considered a "determination" under section 547(c) (1) until our decision in the case becomes final, the question of whether petitioner may, after our decision in the case becomes final, pay deficiency dividends which will be deficiency dividends as defined in section 547(d) is not properly before us at this time. This conclusion is similar to our holding in Wiener Machinery Co., 16 T.C. 48, 54 (1951), that until our decision in the case under consideration had become final, there was no "determination" within the meaning of section 3801, I.R.C. 1939 (now section 1311) and therefore no issue 8 properly before us as to a refund or other relief to the taxpayer because of an alleged inconsistent position taken by respondent. See also B.C. Cook & Sons, Inc., 59 T.C. 516 (1972). The provisions of section 547 allowing *210 a deduction for deficiency dividends clearly requires first a "determination" as defined in subsection (c) that petitioner is liable for personal holding company tax under section 541, second a payment of deficiency dividends of the type specified in section 561 by petitioner within 90 days after the date of the determination and before filing of a claim, and finally, the filing of a claim within 120 days after the determination. At this time none of the three requirements listed above has been met as to the $414.60 deficiency for 1967 and the $2,607.59 deficiency for 1968 involved in this case. While both parties agree that when the form 2198 had been signed on behalf of both petitioner and respondent on February 16, 1970, a "determination" as described in section 547(c) (3) had been made that petitioner was liable for personal holding company tax, petitioner has been allowed a deduction under section 547(a) for all dividends paid within 90 days after that "determination." The instant case involves the amount of personal holding company tax for which petitioner is liable after being allowed a deduction for the deficiency dividends it paid in May 1970. When our decision in this *211 case has become final, petitioner will have a determination by this Court of its liability for personal holding company tax for the years 1967 and 9 1968 in the amounts as determined by respondent in his notice of deficiency sent to petitioner on February 12, 1971. The effect of the action, if any, which petitioner may take thereafter is not properly before us in this case. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
2. In the case of Fred A. Hill, T. C. Memo. 1957-2, the taxpayer prosecuted a case in this Court after agreeing that the deficiency as determined by respondent for the year involved in the case was correct in order to obtain a determination under the provisions of sec. 1311, I.R.C. 1954↩. 3. SEC. 547. DEDUCTION FOR DEFICIENCY DIVIDENDS. (a) General Rule. - If a determination (as defined in subsection (c)) with respect to a taxpayer establishes liability for personal holding company tax imposed by section 541 (or by a corresponding provision of a prior income tax law) for any taxable year, a deduction shall be allowed to the taxpayer for the amount of deficiency dividends (as defined in subsection (d)) for the purpose of determining the personal holding company tax for such year, but not for the purpose of determining interest, additional amounts, or assessable penalties computed with respect to such personal holding company tax. * * * (c) Determination. - For purposes of this section, the term "determination" means - (1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; (2) a closing agreement made under section 7121; or (3) under regulations prescribed by the Secretary or his delegate, an agreement signed by the Secretary or his delegate and by, or on behalf of, the taxpayer relating to the liability of such taxpayer for personal holding company tax. (d) Deficiency Dividends. - (1) Definition. - For purposes of this section, the term "deficiency dividends" means the amount of the dividends paid by the corporation on or after the date of the determination and before filing claim under subsection (e), which would have been includible in the computation of the deduction for dividends paid under section 561 for the taxable year with respect to which the liability for personal holding company tax exists, if distributed during such taxable year. No dividends shall be considered as deficiency dividends for purposes of subsection (a) unless distributed within 90 days after the determination. (2) Effect on dividends paid deduction. - (A) For taxable year in which paid. - Deficiency dividends paid in any taxable year (to the extent of the portion thereof taken into account under subsection (a) in determining personal holding company tax) shall not be included in the amount of dividends paid for such year for purposes of computing the dividends paid deduction for such year and succeeding years. (b) For prior taxable year. - Deficiency dividends paid in any taxable year (to the extent of the portion thereof taken into account under subsection (a) in determining personal holding company tax) shall not be allowed for purposes of section 563(b) in the computation of the dividends paid deduction for the taxable year preceding the taxable year in which paid. (e) Claim required. - No deficiency dividend deduction shall be allowed under subsection (a) unless (under regulations prescribed by the Secretary or his delegate) claim therefor is filed within 120 days after the determination. ↩