COLBURN A. AND ALANA JONES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

COLBURN A. AND PATRICIA L. JONES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 12177–77, 12178–77.     Filed October 25, 1982.

_James P. Fuller, Ronald B. Schrotenboer,_ and _James C. Garahan,_ for the petitioners.

_Christopher B. Sterner,_ for the respondent.

OPINION

TANNENWALD, _Chief Judge_: These cases were assigned to Special Trial Judge Francis J. Cantrel for the purposes of conducting the hearing and ruling on petitioners' motions for summary judgment. Subsequent to the hearing thereon, the petitioners' motions for summary judgment were reassigned to Special Trial Judge Darrell D. Hallett for consideration and ruling thereon. After a review of the record, we agree with and adopt his opinion which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

HALLETT, _Special Trial Judge_: These cases are before the Court on petitioners' motions for summary judgment. Respondent has filed a notice of objection to petitioners' motions, and the parties have filed briefs in support of their respective positions.

Petitions were filed in these cases on December 21, 1977, contesting the following deficiencies and additions to tax determined by the respondent:

| Docket No. | Year | Deficiency | Additions to tax sec. 6651(a)[1] |
|---|---|---|---|
| 12178–77 | 1971 | $4,944.91 | 0 |
| 12177–77 | 1973 | 107,308.00 | $10,717 |

In amended petitions filed on May 30, 1980, petitioners contend that respondent erred not only in regard to the adjustments giving rise to the deficiencies in question, but in failing to allow deductions for a net operating loss carryback from the calendar year 1974 which would eliminate the deficiencies and addition to tax. Petitioners' 1974 return claimed a net operating loss in excess of $600,000. This net

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise provided.

operating loss was carried forward and claimed as a deduction by petitioners on their 1975 return. During the years 1976 and 1977, petitioners' individual returns for 1970 through 1975, as well as related partnership returns, were assigned for examination to a revenue agent. The revenue agent proposed adjustments to petitioners' 1970, 1971, and 1973 returns. No adjustments were proposed for petitioners' individual returns for the years 1974 and 1975. For purposes of these motions, we accept as true the revenue agent's position that petitioners' 1975 individual returns were "deemed unworthy of a detailed examination and [were] closed on survey after [they were] assigned to [him]."

In mid–1978, after respondent's issuance of the deficiency notices involved in these cases, petitioners filed amended returns for 1971 and 1973 claiming a net operating loss deduction from 1974 sufficient to eliminate the deficiencies determined by respondent. These amended claims were filed as a protective matter by petitioners. At the time petitioners filed their amended returns for 1971 and 1973, there was over 1 year remaining on the statute of limitations for assessment and collection of deficiencies with respect to petitioners' 1975 returns. The filing of the amended returns was discussed by petitioners' representative with representatives of respondent's appeals office in the course of conferences related to these cases.

By letter dated February 19, 1981, respondent's counsel, in response to a request made of him by petitioners' counsel, notified petitioners' counsel that respondent's audit of petitioners' 1974 income tax return resulted in no change to the items reported on the return, and that, therefore, petitioners' "net operating loss carryback from 1974 to the years currently before the Court will not be disallowed." Petitioners' motion for summary judgment is based upon their contention that since respondent has agreed that there is a net operating loss carryback from 1974 sufficient to eliminate entirely the proposed deficiencies for 1971 and 1973, there is no issue to be litigated which could have any effect upon the existence or amount of deficiencies for these years.

In this regard, petitioners rely substantially upon our prior opinion in *LTV Corp. v. Commissioner*, 64 T.C. 589 (1975). There, respondent determined deficiencies for the years 1965

and 1966. Petitioner contended that it had sustained net operating losses during the years 1968 and 1969 which were sufficient to eliminate entirely the deficiencies for 1965 and 1966. Although in his answer respondent denied petitioner's allegations concerning its entitlement to net operating loss deductions, respondent later conceded that there were sufficient net operating losses from 1968 and 1969 to completely eliminate the deficiencies for 1965 and 1966. After making this concession, respondent contended that the Court had no jurisdiction under section 6214 over the loss years (1968 and 1969), or in the alternative, that respondent's concession eliminated any controversy relating to the years before the Court, and that the Court should therefore enter a decision of no deficiency for the petitioner.

We agreed with petitioner in *LTV* that respondent's concession did not deprive this Court of jurisdiction. We pointed out that jurisdiction under section 6214 is not predicated upon the existence of a deficiency, but upon the Commissioner's determination of a deficiency. However, we accepted respondent's contention that his concession nevertheless required us to enter a decision for the petitioner.

In reaching this conclusion, we relied upon "doctrines of judicial administration" which have been held in prior cases to permit courts to decline to decide issues that will not affect the disposition of the cases before them. We reasoned that the "case before us" involved only the deficiencies determined by the respondent for the years 1965 and 1966, and concluded (at 595) that "A decision of no deficiency in accordance with respondent's concession provides a complete victory for petitioner; a continuation of the proceedings 'cannot affect the result as to the thing in issue' in this case, and can add nothing other than an advisory opinion declarative of the size of a deduction petitioner may be able to use in some future years."

Petitioner in *LTV Corp.* argued that, even though respondent's concession would in any event result in no deficiencies, it nevertheless should be entitled to litigate the amount of the pre-carryback deficiencies and the amount of the net operating losses for 1968 and 1969 because those matters would affect petitioner's tax liabilities for future years, as well as the amount of interest associated with any pre-carryback deficiencies for 1965 and 1966. We rejected these contentions, and

concluded that, at best, they amounted to a possibility, but no certainty, that our resolution of the issues petitioner wished to litigate would affect tax and interest liabilities which were not involved in the matters over which we have jurisdiction under section 6214.

Respondent in this case resists petitioners' motion for summary judgment and argues that a determination of the pre-carryback deficiencies, if any, for the years 1971 and 1973, should be made so that the assertion of a deficiency for the year 1975 pursuant to the mitigation provisions of sections 1311 through 1314 will not be foreclosed. In particular, respondent argues that if the 1974 operating loss is allowed to be utilized to eliminate deficiencies for the years 1971 and 1973, then the loss is not available to utilize as a deduction for the year 1975. However, respondent points out that the statute of limitations for assessment and collection of a deficiency for the year 1975 has now expired, and that unless the provisions of sections 1311 through 1314 are applicable, petitioners may enjoy the benefit of a double deduction of the 1974 operating loss. Essential to the applicability of the mitigation provisions, respondent argues, is a "determination" by this Court as to the pre-carryback deficiency and net operating loss deduction allowable to petitioners for the years 1971 and 1973.

We agree with respondent that this Court does not lack jurisdiction over the years 1971 and 1973. In this respect, petitioners' reliance on our recent opinion in *Martz v. Commissioner*, 77 T.C. 749 (1981), is misplaced. There, the Commissioner's deficiency notice determined deficiencies for the years 1975, 1976, and 1977, and, in attached explanatory forms, he noted adjustments for the years 1973 and 1974 which were eliminated by carryback of investment credits from other years. We granted respondent's motion to dismiss the years 1973 and 1974, which petitioners in *Martz* sought to put in issue, on the grounds that we lacked jurisdiction. However, in doing so, we concluded that the respondent did not determine deficiencies for 1973 and 1974 by reason of the allowance of the investment credits. Thus, the opinion in *Martz* is consistent with the holding of *LTV Corp.* that it is respondent's determination of the deficiency that is essential to jurisdiction under section 6214.

However, the question as to whether our opinion in *LTV*

*Corp.* requires entry of a decision for petitioners in this case is a closer one.[2] Further enlightenment on this issue is found in *McGowan v. Commissioner*, 67 T.C. 599 (1976). There, after petitioner filed a motion for summary judgment asking the Court to render a decision on the merits as to the issue involved in the notice of deficiency, respondent filed with the Court a "Notice of Concession." Petitioners informed the Court that they were unwilling to accept respondent's proposed concession, and wished a decision on the merits. This Court rejected respondent's offer of concession, and further held that our prior decision in *LTV Corp.* did not require entry of a decision for petitioners, without first entering an opinion on the merits. We distinguished *LTV Corp.* on the grounds that, there, the parties had agreed that there was no deficiency covering the years in issue, while in *McGowan*, neither the petitioner nor the Court accepted respondent's unilateral offer of concession. We then concluded that we should exercise our discretion to reject respondent's offer of concession and decide the case on the merits because the "interest of justice" required an expeditious resolution of the issue. We noted in this regard the significance of the issue involved to other taxpayers and the administrative mishandling of the issue.

We conclude that our opinions in *McGowan* and *LTV Corp.* establish that, at the very least, there is an element of discretion in deciding whether to avoid rendering a decision on the merits even where it is firmly established that the ultimate result will be no deficiency for the years before the Court. There are significant distinctions between the circumstances in these cases and those involved in *LTV Corp.* which justify our not simply entering decisions of no deficiency in

---

[2]Respondent also relies upon *Hill v. Commissioner*, T.C. Memo. 1957–2. There, the deficiency before the Court involved the year 1947, and petitioner stipulated at the time of trial that a deduction claimed for the year 1947 was properly disallowed by respondent for that year. The petitioner further pointed out to the Court that "The only reason that we are putting the case before the Court is to obtain a determination so that we may file a claim for refund under [sec. 1311]." 16 T.C.M. 11, 26 P-H Memo T.C. par. 57,002, at 57–9. In our opinion, we concluded that "counsel's statement appears to have been advisedly made" and that the deduction was not allowable for 1947. We were not presented with, nor did we purport to decide, the question as to whether petitioner's concession justified our not resolving the issue on the merits and simply entering a decision for the respondent, or whether the potential applicability of sec. 1311 justified a decision on the merits.

these cases. In *LTV Corp. v. Commissioner, supra* at 596, we noted:

Given the magnitude of the losses petitioner incurred in the late sixties and early seventies, the manner of sequencing these losses, and the limited carryover period provided for in the Internal Revenue Code, there may be sufficient agreed losses, given the occurrence of subsequent events that are still unfolding, to obviate the necessity of ever litigating any of the issues [otherwise before the Court]. * * *

There is simply no assurance that if we resolved all of the issues continuing to divide the parties that it will ever affect the tax liability of petitioner in any years—past, present, or future. * * *

Finally, none of the issues which petitioner sought to litigate in *LTV Corp.* would be foreclosed from being litigated in subsequent years, although it arguably would have been more convenient for petitioner to have been permitted to litigate the matters in the case before the Court.

In contrast, if the provisions of section 1311 et seq. are otherwise applicable to the circumstances involved here to preclude the allowance of a double deduction for the 1974 net operating loss, it is essential that a determination be made regarding the pre-carryback deficiencies for 1971 and 1973. Thus, the Court would not merely be rendering an "advisory opinion" with regard to the pre-carryback deficiencies, but it would be making a determination that, by statute, is an essential basis for resolution of matters in another year. If the matter of the pre-carryback deficiencies is not determined in this case, and if the provisions of section 1311 et seq. are otherwise applicable, here, unlike in *LTV Corp.*, the party seeking to obtain a determination would be foreclosed from litigating the matter in subsequent proceedings.

The parties in their briefs have argued extensively as to whether the provisions of section 1311 et seq. would in any event be applicable to permit respondent to assert a deficiency for the year 1975. In this regard, petitioners argue that the provisions of section 1311(b)(1) would not be satisfied because respondent had notice that petitioners had claimed an operating loss deduction in 1975 and had made a protective claim for the deduction in the years before the Court at a time when respondent could have asserted a deficiency for 1975, and, further, petitioners have not maintained an inconsistent position as required by the statute. Respondent argues this is not the case, and both parties cite numerous authorities in

support of their respective positions. However, we need not and do not decide at this point whether the provisions of section 1311 et seq. will in fact permit respondent to assert a deficiency for the year 1975. If petitioners are correct and the provisions of section 1311 et seq. do not apply, then they have the option of simply stipulating to the deficiencies determined by respondent and further stipulating to the amount of the net operating loss deductions. The Court can then enter a decision for the petitioners in accordance with the parties' stipulation. If respondent then asserts a deficiency for 1975 and takes the position that the Court's determination in this case allowed a net operating loss deduction to petitioners, and the deduction was also erroneously taken by petitioners for the year 1975, petitioners can contest respondent's assertions and the applicability of section 1311 et seq. in response to the deficiency for 1975. Of course, if petitioners are not willing to stipulate to the existence of pre-carryback deficiencies, they will have to litigate the merits of the deficiencies. Their success may eliminate the necessity to use all or any part of the 1974 operating loss deduction, and foreclose any justification to assert a deficiency for 1975.

By our denial of petitioners' motions for summary judgment, we leave petitioners free to make these decisions as to how to proceed. In regard to petitioners' argument that the "interests of justice" require that we grant their motion because respondent permitted the statute of limitations to expire for 1975 after having knowledge of petitioners' position with respect to the operating loss deduction for 1971 and 1973, we note that petitioners are in no worse position than they would have been had respondent issued a protective notice of deficiency for 1975 prior to the expiration of the statute of limitations. Accordingly, petitioners' motions for summary judgment will be denied.

*Appropriate orders will be issued.*