4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean A. CROTTY, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-3196.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Aug. 31, 1993.[1]
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jean A. Crotty appeals from the denial of her petition regarding her tax liability. We AFFIRM the judgment of the United States Tax Court for the reasons stated in the attached Order and Memorandum Opinion.
 
 ATTACHMENT
 T.C. Memo. 1992-330
 United States Tax Court
 
 2
 Jean A. Crotty, Petitioner v.
 
 
 3
 Commissioner of Internal Revenue, Respondent
 
 
 4
 Filed June 8, 1992.
 
 
 5
 Docket No. 328-91.
 
 
 6
 Jean A. Crotty, pro se.
 
 
 7
 Mark J. Miller, for respondent.
 
 MEMORANDUM OPINION
 RUWE, Judge:
 
 8
 Respondent determined deficiencies and an addition to tax in petitioner's Federal income taxes as follows:
 
 Addition to Tax
 
 9
 Tax Year Ended Deficiency Sec. 6651(a)(1) 1
 
 December 31, 1986 $590 $127
 
 10
 December 31, 1987 448 --
 
 
 11
 December 31, 1988 823 --
 
 Background
 
 12
 Petitioner was a resident of New Berlin, Wisconsin, at the time she filed her petition in this case.
 
 
 13
 On October 3, 1990, respondent issued a notice of deficiency to petitioner which set forth the deficiencies and addition to tax involved in this case. The deficiencies determined in the notice of deficiency were solely attributable to respondent's disallowance of an alleged capital loss in 1984 which petitioner carried over to 1986, 1987, and 1988. The disallowed capital loss resulted from an alleged nonbusiness bad debt which we previously decided was not deductible in Crotty v. Commissioner, T.C.Memo. 1990-261 (hereinafter Crotty I). Respondent also determined that petitioner was liable for an addition to tax under section 6651(a)(1) for the taxable year 1986 in the amount of $127.
 
 
 14
 On October 28, 1991, respondent filed a motion for partial summary judgment on the grounds that our decision in Crotty I collaterally estopped petitioner from denying that she was not entitled to the alleged capital loss carryovers from 1984 to 1986, 1987, and 1988. The motion for summary judgment covered all issues in this case except the addition to tax under section 6651(a)(1). On February 3, 1992, we held a hearing on respondent's motion for partial summary judgment and rendered oral findings of fact and opinion in respondent's favor. On February 14, 1992, we issued an order granting said motion.
 
 
 15
 The only remaining issue for decision is whether respondent properly determined an addition to tax under section 6651(a)(1) for taxable year 1986. Respondent now concedes this issue and moves this Court for entry of a decision in respondent's favor on all other issues. Petitioner opposes this motion.
 
 Discussion
 
 16
 It is within this Court's discretion to accept or reject a concession, and we accept or reject a concession by a party when the interests of justice are served. Jones v. Commissioner, 79 T.C. 668, 673 (1982); McGowan v. Commissioner, 67 T.C. 599, 601, 605 (1976). Petitioner opposes respondent's concession and seeks to keep this case open in the apparent hope that we will reconsider issues which have been decided already. We decline to do this. We granted respondent's motion for partial summary judgment on the grounds of collateral estoppel. Petitioner in this case is the same person who petitioned this Court in Crotty I, and the principal issue in this case was, in substance, the same as the issue in Crotty I. The controlling facts and legal principles have not changed since Crotty I, and petitioner has not presented special circumstances which warrant an exception to the normal rule of preclusion. Montana v. United States, 440 U.S. 147, 153, 155 (1979).
 
 
 17
 We are unaware of any reason for refusing to accept respondent's concession; and, indeed, as this concession disposes of the only remaining issue and we are able to enter a final decision in this matter, we believe that accepting it affirmatively promotes the interests of justice in this instance. Accordingly, respondent's concession is accepted, and
 
 
 18
 Decision will be entered for respondent on all issues other than the addition to tax under section 6651(a)(1).
 
 ORDER AND DECISION
 
 19
 RUWE, Judge.
 
 
 20
 Pursuant to the determination of the Court, as set forth in its Memorandum Opinion, filed June 8, 1992, it is
 
 
 21
 ORDERED: That Respondent's Motion for Entry of Decision, filed March 2, 1992, is granted. It is further
 
 
 22
 ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioner for the taxable years 1986, 1987, and 1988 in the amounts of $590, $448, and $823, respectively. It is further
 
 
 23
 ORDERED AND DECIDED: That there is no addition to tax due from petitioner under section 6651(a)(1), I.R.C. for the taxable year 1986.
 
 Entered: June 11 1992
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year 1986, and all Rule references are to the Tax Court Rules of Practice and Procedure